# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHARLES HATCH, Petitioner, v. LEE RYKER, Respondent. | ) ) ) ) ) 07 C 508 ) ) ) |

## MEMORANDUM AND ORDER

Petitioner Charles Hatch's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss are before the court. For the following reasons, the court finds that Hatch's petition is time-barred and, therefore, grants the respondent's motion to dismiss.

## Background

This is Hatch's second appearance before this court, as the court previously denied habeas relief to Hatch in connection with a conviction in 1986 for armed robbery, aggravated kidnaping, unlawful restraint, armed violence and theft. *Hatch v. Gilmore*, No. 95 C 2468 (N.D. Ill. Nov. 18, 1998) (unpublished order). Unfortunately, Hatch seems to have gotten on the wrong side of the law soon after his completion of the sentence in the 1986 case as in 2002, he was sentenced to ten years of imprisonment for burglary.

The respondent contends that Hatch's present § 2254 petition is untimely. The court's summary of this case's procedural posture thus consists of a series of dates. On January 23, 2002, Hatch was sentenced in the Circuit Court of Cook County, Illinois, to 10 years' imprisonment for burglary. The Illinois Appellate Court issued its decision affirming the trial

court's judgment on November 26, 2003. Hatch did not file a petition for leave to appeal ("PLA") with the Illinois Supreme Court.

On May 20, 2004, Hatch signed a state post-conviction petition, which was filed with the Circuit Court of Cook County on May 27, 2004. That court denied relief, the Illinois Appellate Court affirmed, and the Illinois Supreme Court denied Hatch's PLA on January 25, 2006. Hatch did not file a petition for a writ of certiorari with the United States Supreme Court. On January 16, 2007, Hatch signed his federal habeas corpus petition, which was filed with this court on January 26, 2007.

## Discussion

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Hatch did not file a PLA in his direct appeal, so his conviction became final on December 17, 2003, which is twenty-one days after the Illinois Appellate Court affirmed the trial court's judgment and thus the last day Hatch could have timely appealed that decision. ILCS S. Ct. Rule 315; 28 U.S.C. § 2244(d)(1)(A) (limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Clay v. U.S.*, 537 U.S. 522, 522-23 (2003).

The habeas clock thus started ticking at this point, and was stopped 154 days later on May 20, 2004, when Hatch signed his state post-conviction petition.[1] *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (adopting the mailbox rule in evaluating the timeliness of habeas petitions and thus deeming a petition filed as of the moment a prisoner delivers his petition to the proper prison authorities for mailing). At this point, Hatch had used up 153 days of the one-year statute of limitations.

The clock began to tick again on January 25, 2006, when the Illinois Supreme Court denied Hatch's PLA. *See Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2001) (when a petitioner does not file a petition for a writ of certiorari with the United States Supreme Court, the limitations period begin to run when the state court of last resort rules on the petitioner's post-conviction appeal). 365 minus 153 is 212 days. This means that Hatch needed to file his § 2254 petition 212 days after January 25, 2006 (*i.e.*, by August 25, 2006) for it to be timely. However, Hatch signed his § 2254 petition on January 16, 2007. Thus, the court has no choice but to find that his § 2254 petition is untimely because it was filed after the one-year statute of limitations had expired. *See* 28 U.S.C. § 2244(d).

## Conclusion

For the above reasons, the respondent's motion to dismiss [#20] is granted and Hatch's petition for relief under 28 U.S.C. § 2254 [#1] is denied as time-barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE: July 19, 2007

_____
Blanche M. Manning
United States District Court Judge

---

[1] 2004 was a leap year, so it had 366 days instead of the normal 365.